In the Matter of the Petition of VILLAGE OF HOBART, Respondent, for an Order Determining How an Extension of Railroad Avenue Shall Cross the Railroad of the ULSTER AND DELEWARE RAILROAD COMPANY, Appellant.

*Railroads — villages — determination as to how highway shall cross railroad.*

*Matter of Village of Hobart,* 204 App. Div. 595, affirmed.

(Argued May 28, 1923; decided June 12, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 26, 1923, which affirmed an order of the public service commission directing that Railroad avenue, in the village of Hobart, as extended by the board of trustees, cross the tracks of the Ulster and Delaware Railroad Company at the existing grade.

*Harry H. Flemming* for appellant.

*Donald H. Grant* for respondent.

*Ledyard P. Hale* for public service commission.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Will of CHARITY C. MOULD, Deceased. BENJAMIN H. SWEET, Individually and as Executor, Appellant; FLORENCE A. COOMBS et al., Respondents.

*Will — construction — when general legacies not a charge upon real estate passing under residuary clause of will.*

*Matter of Mould (Will),* 204 App. Div. 889, affirmed.

(Argued May 28, 1923; decided June 12, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 15, 1922, which unanimously affirmed a decree of the Westchester County Surrogate's Court construing the will of Charity C. Mould, deceased and holding that general legacies given by the will were not charged upon real estate passing under the residuary clause of her will which read as follows:

" *Ninth.* All the rest, residue and remainder of my estate, both real and personal, of whatsoever nature and kind, including my lot in Greenwood Cemetery, I give, devise and bequeath to Florence A. Coombs who grew up as a child in my family and lived with me for many years, the same to have and to hold forever."

*James M. Gray* and *Thomas J. Towers* for appellant. *Herman Aaron* and *C. Bertram Plante* for respondents.

Order affirmed, with costs payable out of estate; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Will of RANSOM PARKER, Deceased. CLARK PARKER LATTIN et al., Appellants; RANSOM J. PARKER et al., Respondents.

*Will — construction — direction that name of one of executors and trustees be stricken out and eliminated from will and in place thereof be substituted the names of two others — question whether name was to be eliminated wherever it appeared in will or whether result was simply his elimination as executor and trustee.*

*Matter of Parker (Will),* 204 App. Div. 876, affirmed.

(Argued May 28, 1923; decided June 12, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1922, unanimously affirming a decree of the New York County Surrogate's Court construing the will of Ransom Parker, deceased. The question was whether the 8th article of the codicil eliminated from the will the testator's grandson, Ransom J. Parker, and his issue, wherever their names appeared, or whether the effect of said article was merely to substitute the testator's two sisters for Ransom J. Parker as executor and trustee. The article is as follows. " *Eighthly.* I hereby direct that the name, ' Ransom J. Parker,' one of the Executors and Trustees named in my said last Will and Testament in sub-division marked ' Fifthly ' thereof, be stricken out and eliminated from